# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald D. Bailey and Sandra M. Bailey, | No. CV 12-248-TUC-DCB-DTF |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| vs. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 9.) Plaintiffs filed a response and Defendant replied. (Docs. 21-26.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting the motion to dismiss.

## BACKGROUND

In April 2005, Plaintiffs filed suit against the United States seeking a refund of income taxes paid for the year 1992.[1] (*Bailey v. United States*, No. CV 05-310-TUC-CKJ, Docs. 1, 5 (D. Az. filed Dec. 27, 2007).) After a June 2007 bench trial, the Court found against Plaintiffs and in favor of the United States. (*Id.*, Doc. 78.) The Court made a specific finding

---

[1] Donald Bailey has been a party to numerous other cases before this Court, including as a defendant to a criminal prosecution for filing false tax returns, *United States v. Bailey*, No. CR-97-676-TUC-FRZ, and as a plaintiff in multiple cases against the United States, *see, e.g.,* CV12-216-TUC-RCC; CV-00-37-TUC-JMR; CV-99-271-TUC-ACM; CV93-779-TUC-RMB.

1  that, when the IRS conducted an audit of Donald and Sandra Bailey's 1992 taxes, IRS Agent
2  Lori Hale had taken into account a $42,000 refund that Donald Bailey gave to his client
3  Comtec. (*Id.* at 5.) Donald Bailey testified that he did not believe it had been accounted for
4  in the audit, but the Court did not find him credible. (*Id.* at 4-5.) In a December 2007 motion
5  for new trial, the Baileys argued that Agent Hale committed perjury in testifying that she had
6  adjusted the Baileys' income for the $42,000 refund to client Comtec and that other agents
7  falsified documents. (*Id.*, Doc. 103 at 1-2.) Subsequent to the denial of the motion for new
8  trial in the 2005 case, the Court has denied four more motions by the Baileys seeking relief
9  from judgment.[2] (*Id.*, Docs. 111, 117, 129, 135, 153, 156, 157, 159, 163.)

10  Plaintiffs commenced the instant case on April 6, 2012 (Doc. 1), and amended the
11  complaint soon thereafter. The Amended Complaint alleges that IRS Agent Hale committed
12  perjury when she testified in the 2007 tax refund proceeding in this Court. (Doc. 3 at 3-4.)
13  Plaintiffs allege that, in January 2010, they obtained some additional documents from the
14  Department of Justice, however, they did not review these documents until December 2011.
15  (*Id.* at 2-3.) Based on their recent review of the documents, the Baileys assert that they
16  discovered the 2007 alleged false testimony by Agent Hale. (*Id.* at 5.) Plaintiffs also identify
17  two other IRS agents and two attorneys that they allege contributed to the perjury or falsified
18  documents. (*Id.* at 4.) Plaintiffs allege that the actions of these individuals denied them their
19  right to a fair trial in violation of the United States Constitution. (*Id.* at 4-5.) Plaintiffs'
20  complaint is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau*
21  *of Narcotics*, 403 U.S. 388 (1999). (*Id.* at 2.) Plaintiffs seek $4 million dollars and punitive
22  damages. (*Id.* at 6.)

23  In July 2012, Plaintiffs lodged a sixth motion for relief from judgment in their 2005
24  case based on the documents obtained in January 2010. (*Bailey v. United States*, No. CV 05-

---

[2] In denying the second motion, the Court ordered the Baileys to request permission from the Court prior to filing further motions seeking relief based on Agent Hale having committed perjury or fraud. (*Bailey v. United States*, No. CV 05-310-TUC-CKJ, Doc. 121 at 5 (D. Az. filed Sept. 26, 2008).)

- 2 -

310-TUC-CKJ, Doc. 168 (D. Az. filed July 31, 2012).) That motion, which makes essentially the same arguments as the Amended Complaint in this case, is pending. (*Id.*)

## DISCUSSION

Defendant argues that this case should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) because the Court does not have jurisdiction and it violates the statute of limitations.[3]

### JURISDICTION

Defendant argues that the Court lacks subject matter jurisdiction because there has been no waiver of sovereign immunity. Plaintiffs name the United States as the sole defendant. The United States is immune from suit and this Court does not have jurisdiction except to the extent the United States has expressly waived its sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976) ("there cannot be a right to money damages without a waiver of sovereign immunity"). Plaintiffs suit is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999), which allowed suit against federal agents for alleged violations of an individual's constitutional rights. *Bivens* does not, however, waive the sovereign immunity of the United States to allow claims directly against the government as opposed to its agents. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985). Because there has been no waiver of sovereign immunity for this suit, the Court lacks jurisdiction and it must be dismissed.

Plaintiffs arguably could amend to name as defendants the agents identified in the Amended Complaint rather than the United States. Therefore, the Court considers Defendant's other arguments to determine whether amendment would be futile.

### FAILURE TO STATE A CLAIM

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl.*

---

[3] Because the Court finds the Amended Complaint is outside the statute of limitations, it does not reach Defendant's additional argument that the complaint is barred by *res judicata* and claim preclusion.

- 3 -

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit P'hip v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Defendant argues that Plaintiffs fail to state a claim for relief because the claim falls outside the applicable limitations period. Arizona, as the forum state, provides the statute of limitations for this action. *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). In Arizona, personal injury actions have a two-year limitations period from the time they accrue. A.R.S. § 12-542. A claim pursuant to Bivens accrues when the party "knows or has reason to know of the injury." *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (2000).

Plaintiffs filed the instant action alleging a *Bivens* violation in April 2012. (Doc. 1.) The claim falls outside the limitations period because they have known of the alleged injury for more than two years. Since December 27, 2007, they have been alleging that Agent Hale committed perjury in the 2007 trial and that the IRS produced false documents. (*Bailey v. United States*, No. CV 05-310-TUC-CKJ, Docs. 102, 103 (D. Az. filed Dec. 27, 2007)).[4] The thrust of the instant complaint is that Agent Hale testified falsely about crediting a $42,000 refund to Comtec when auditing the Baileys and that other agents and attorneys participated

---

[4] In ruling on a motion to dismiss, the Court generally cannot consider any material outside the complaint. *S.F. Patrol Special Police Officers v. City and Cnty. of S.F.*, 13 F. App'x 670, 675 (9th Cir. 2001). However, the documents from the Baileys' prior case are an exception to the rule because they are matters of public record of which the Court can take judicial notice. *Id.*

in the fraud. (Doc. 3.) This is the same argument Plaintiffs made in 2007, thus, they knew about the alleged injury for more than four years before filing this action. The only new aspect of the instant complaint is the newly discovered evidence providing additional support to the Plaintiffs' claims.

Plaintiffs counter that they did not know about the perjury or false documents until December 2011, when they reviewed additional documents. (Doc. 3 at 5.) This assertion is clearly belied by the Baileys's similar allegations in 2007. Further, they acknowledge in the Amended Complaint that they received those additional documents in January 2010, more than two years prior to filing this action. (Doc. 3 at 2.) Regardless of when they obtained additional evidence, Plaintiffs have been of aware of the alleged injury and the agents responsible for it since 2007. *See United States v. Kubrick*, 444 U.S. 111, 121-22 (1979) (finding that a claim accrues when the plaintiff is aware of his injury and its cause). Thus, this case is barred by the statute of limitations. Because this claim is barred by the statute of limitations, amendment to name the individual agents as defendants would be futile.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends the District Court grant Defendant's Motion to Dismiss. (Doc. 9.)

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Any objections filed should be captioned with the following case number: **CV-12-248-TUC-DCB**.

DATED this 18th day of December, 2012.

D. Thomas Ferraro
United States Magistrate Judge