# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Donald D. Bailey and Sandra M. Bailey,<br>　　　　Plaintiffs,<br>v.<br>United States of America,<br>　　　　Defendant, | CV 12-248 TUC DCB<br><br>**O R D E R** |

This matter was referred to Magistrate Judge D. Thomas Ferraro, on June 6, 2012. Pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), he issued a Report and Recommendation (R&R) on December 19, 2012. (Doc. 27: R&R)**.** He recommends dismissing the case for lack of subject matter jurisdiction and because it is barred by a two-year statute of limitation period.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). On December 28, 2012, the Plaintiffs sought an extension of time because they did not receive a copy of the R&R and did not know of its issuance until they checked the case docket on December 27, 2012, and they wanted time to consult an attorney and conduct research related to objecting to the R&R. (Motion for Extension (Doc. 28)).

After comparing the case docket with the address on the Motion for Extension, the Court concluded that the Plaintiffs had changed their address but failed to notify the Court. The Court granted the extension to January 22, 2013, and directed that no further extensions would be granted unless Plaintiffs secured counsel, who might need a further extension to become familiar with the case. To date, no objection to the R&R has been filed.

## REPORT AND RECOMMENDATION

The Honorable D. Thomas Ferraro, United States Magistrate Judge, found this Court lacks jurisdiction over this case because Plaintiffs named only the United States as the sole defendant. "The United States is immune from suit and this Court does not have jurisdiction except to the extent the United States has expressly waived its sovereign immunity." (R&R at 3 (citation omitted). Plaintiff may only bring a *Bivens* action against federal agents, not the United States. *Id.* The Magistrate Judge found that it would be futile to allow the Plaintiffs to amend the Complaint to name Internal Revenue Agent Hale or any other IRS agent. A two-year statute of limitation bars the evidence alleged by the Plaintiffs to reflect that Agent Hale perjured herself when she testified against the Baileys during a civil bench trial before the Honorable Cindy K Jorgenson in 2007.

This Court does not repeat, here, the discussion and analysis provided by Magistrate Judge Ferraro in the R&R.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed

findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §  636(b)(1). For the reasons stated in the R&R, the Court grants the Defendant's Motion to Dismiss.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation [Doc. # 27] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss [9] is GRANTED.

/////
/////
/////
/////

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 31st day of January, 2013.

David C. Bury
United States District Judge